IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WEST WIND AIR LLC, d/b/a CHRISAIR                PLAINTIFF

v.                    No. 5:16-cv-274-DPM

THRUSH AIRCRAFT INC.                              DEFENDANT

ORDER

Thrush's motion to dismiss for want of personal jurisdiction, № 10, is denied without prejudice. The conflicting affidavits create some murkiness. There's no general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). But West Wind has made at least a *prima facie* showing that the Court has specific jurisdiction over manufacturer Thrush in this product liability case. Thrush is a Georgia corporation; it sells airplanes only through distributors; it sold the crop duster at issue to an independent Missouri distributor; Thrush knows its planes end up in Arkansas; Thrush targeted Arkansas by promoting its planes, and attending trade shows, in this state; and Thrush is an "allied member" of the Arkansas Agricultural Aviation Association and advertises with that entity. All told, that's relationship enough under the current Arkansas long-arm statute and the Due

Process Clause to keep Thrush in the case at least for discovery. *Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 947-48 (8th Cir. 1998); *see also Pope v. Elabo GmbH*, 588 F. Supp. 2d 1008, 1018-19 (D. Minn. 2008). Depositions that cover the jurisdictional facts, which should also cover the merits for efficiency's sake, should clear up the record. Any renewed motion challenging personal jurisdiction after discovery is due by 1 March 2017. If Thrush doesn't move again on this point by then, personal jurisdiction will be conceded.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

14 November 2016