## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**WEST WIND AIR LLC, d/b/a ChrisAir**                    **PLAINTIFF**

v.                          **No. 5:16-cv-274-DPM**

**THRUSH AIRCRAFT INC.**                              **DEFENDANT**

## ORDER

The Court made a mistake in its recent Order about personal jurisdiction over Thrush. The law required the Court to take the record in the light most favorable to the non-moving party, and resolve any disputed facts in that party's favor. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). The Court said it was doing the reverse — giving Thrush (the movant) the benefit of the record, rather than looking at things from (non-movant) Chris Air's perspective. № 36 at 2. The Court, therefore, has reconsidered its Order, revisited the record, and pondered whether its mistake made any difference in its decision.

For several reasons, the Court concludes its mistake had no bite. First, at the most abstract level, the mistake had the potential to work against Chris Air, the party who prevailed on jurisdiction, and work for Thrush, the party who lost. Second, the rule of law about who gets the benefit of the record had

little or no work to do in this dispute—almost all the jurisdictionally weighty facts were undisputed. Instead, the parties argued hard about the legal significance of those undisputed facts. Genuine disputes existed about Chris Air's post-accident contacts with Arkansas. Based on timing alone, though, the Court concluded that those facts shouldn't be considered at all, and they were not. *№ 36 at 3–5.* This benefitted Thrush. And there was an actual dispute about the facts surrounding Thrush's possible plan to make direct sales to Arkansas about a decade ago. The Court noted this plan in passing—at the same time it noted that Thrush had never sold a plane directly to an Arkansas buyer. *№ 36 at 3.* That was, the Court thought, and still thinks, a fair way of capturing that history. It was a wash. The Court has looked but found no other facts where this rule of law was in play.

The Court regrets its misstatement of the law about the record. Having recognized it, and reconsidered with that law correctly in mind, the Court stands by its conclusion: personal jurisdiction over Thrush in this case doesn't offend due process.

So Ordered.

_W.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

16 June 2017