# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| WEST WIND AIR LLC, d/b/a CHRISAIR | PLAINTIFF |
| v. | No. 5:16-cv-274-DPM |
| THRUSH AIRCRAFT, INC. | DEFENDANT/THIRD-PARTY PLAINTIFF |
| v. | |
| PRATT & WHITNEY CANADA CORP.; WOODWARD, INC.; PLANESMART AIRCRAFT SERVICES LLC; and ESTATE OF DONALD SCOTT BROWN | THIRD-PARTY DEFENDANTS |
| PRATT & WHITNEY CANADA CORP. | CROSS-CLAIMANT |
| v. | |
| WOODWARD, INC. | CROSS-DEFENDANT |

## ORDER

Woodward manufactured the propeller governor that allegedly caused one of Chris Air's planes to crash in Arkansas. There's no general jurisdiction—everybody agrees this corporation isn't at home in Arkansas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Is there specific personal jurisdiction over Woodward, such that Woodward could reasonably expect to be haled into a lawsuit

in Arkansas about this accident? *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–94 (1980); *Walden v. Fiore*, 134 S. Ct. 1115, 1121–23 (2014). Viewing the record in the light most favorable to Thrush, the answer is no. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991).

Woodward is differently situated than Thrush. Thrush sold its airplanes to a regional dealer a few dozen miles from the Arkansas border, knowing that its planes end up in Arkansas. It belongs to an Arkansas aviation group, and has promoted its brand to Arkansawyers at the group's Arkansas conventions. Plus, these contacts relate to this lawsuit: the regional dealer sold Chris Air the Thrush plane that crashed in the cotton field. Here, on the other hand, are the steps that Woodward's propeller governor had to take to get to Arkansas:

1. Propeller governor manufactured by Woodward in Illinois →

2. Propeller governor sold by Woodward to Pratt & Whitney and installed in an engine in Canada →

3. Engine sold by Pratt & Whitney to Thrush and installed in an airplane in Georgia →

4. Airplane sold by Thrush to Mid-Continent in Missouri →

5. Airplane sold by Mid-Continent to Chris Air in Arkansas.

Compared to Thrush's two-step connection to Arkansas, Woodward's relationship with this State is attenuated.

Thrush presses that Woodward targets Arkansas through its partnership with Governor Control Systems, which sells and services Woodward products in Arkansas and other states. There's one key fact missing, though: Thrush's and Pratt & Whitney's claims against Woodward don't "arise out of or relate to" Woodward's relationship with Arkansas through Governor Control Systems. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 947 (8th Cir. 1998). There's no evidence, for instance, that Chris Air ever bought a Woodward product from Governor Control Systems, or had one serviced by that company. The plane that crashed has no connection with Woodward's Arkansas distributor.

Eighth Circuit precedent—which has not been undermined by recent Supreme Court cases—makes plain that there can be specific personal jurisdiction on an adequate record about a product that moves in the stream of commerce. *Vandelune*, 148 F.3d at 947–49; *Barone v. Rich Brothers Interstate Display Fireworks Co.*, 25 F.3d 610, 615 (8th Cir. 1994). The stream is a metaphor, not a separate jurisdictional theory; it adds vividness to the traditional principles of specific jurisdiction. In making the judgment required, this Court must focus on the relationship among Woodward, Arkansas, and this case.

*Walden*, 134 S. Ct. at 1121. Unlike Thrush, Woodward's suit-related conduct did not create a sufficiently substantial connection with this State to support personal jurisdiction here. *Ibid.*

\* \* \*

Woodward's motions to dismiss, № 72 & № 81, are granted. Thrush's third-party claims against Woodward, № 52, are dismissed without prejudice for want of personal jurisdiction. Pratt & Whitney's cross-claims against Woodward, № 80 at 8–10, are dismissed without prejudice for the same reason. The Court again declines to address prematurely whether there will be an apportionment among non-parties at any trial. We'll take that issue up if we get there.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

7 March 2018