IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WEST WIND AIR LLC, d/b/a CHRISAIR                      PLAINTIFF

v.                         No. 5:16-cv-274-DPM

THRUSH AIRCRAFT, INC.                                 DEFENDANT/THIRD-
                                                      PARTY PLAINTIFF

v.

PRATT & WHITNEY CANADA
CORP.; and ESTATE OF DONALD                           THIRD-PARTY
SCOTT BROWN                                           DEFENDANTS

ORDER

Donald Brown was a mechanic who allegedly worked on one of ChrisAir's planes before it crashed in Arkansas. Thrush has filed a third-party complaint against Brown's estate and served former-administratrix Kimberly Brown with the summons. The estate now moves to dismiss, arguing, among other things, that both the summons and service were ineffective because the estate is closed and Brown is no longer its administratrix. FED. R. CIV. P. 12(b)(4) & (b)(5); *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996). Because the Court agrees, it need not reach the parties' other arguments; and it may consider the chancery court papers attached to the motion without converting it into one for summary judgment. *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998).

No one disputes that Kimberly Brown served as administratrix for her late husband's estate. But her duties in that capacity were limited and temporary. *Yeates v. Box*, 198 Miss. 602, 610, 22 So. 2d 411, 414 (1945). Her authority as the estate's representative ended when the chancery court closed the estate and discharged her in April 2017—four months before Thrush filed its third-party complaint and attempted service. № 89-4 at 4, № 52 & № 55; *Bailey v. Sayle*, 206 Miss. 757, 771, 40 So. 2d 618, 620 (1949). There's no indication that the estate has been reopened or that Brown has been reappointed as its representative. *Powell v. Buchanan*, 245 Miss. 4, 9-10, 147 So. 2d 110, 112 (1962). Thrush's service on her was therefore ineffective; and the Court lacks personal jurisdiction over the estate. *Printed Media Services, Inc. v. Solna Web Inc.* 11 F.3d 838, 843 (8th Cir. 1993); *Wilbanks v. Gray*, 795 So. 2d 541, 549-50 (Miss. App. 2001); *cf. Delta Health Group, Inc. v. Estate of Pope ex rel. Payne*, 995 So. 2d 123, 125-26 (Miss. 2008).

\* \* \*

Motion to dismiss, № 89, granted. Thrush's third-party claims against the estate are dismissed without prejudice. Thrush's third request for a ruling on allocation, № 95, is held in abeyance: the Court is inclined to follow current Arkansas law on allocation; but the parties should brief that issue in their dispositive-motion papers; and the Court will make a final decision then.

So Ordered.

*DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 July 2018