**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**WEST WIND AIR, LLC, d/b/a CHRISAIR**                    **PLAINTIFF**

**vs.**                    **CASE NO. 5:16-CV-0274 DPM**

**THRUSH AIRCRAFT, INC.**                    **DEFENDANT**

**THRUSH AIRCRAFT, INC.**                    **THIRD-PARTY PLAINTIFF**

**vs.**

**PRATT & WHITNEY CANADA CORP.;** and                    **THIRD-PARTY DEFENDANTS**
**PLANESMART AIRCRAFT**
**SERVICES, LLC**

## THRUSH'S NOTICE OF ADDITIONAL AUTHORITY AND REQUEST FOR RECONSIDERATION

Comes the Defendant, Thrush Aircraft, Inc. ("Thrush"), by its attorneys, Law Offices of Fred C. Begy III, P.C. and Cross, Gunter, Witherspoon & Galchus, P.C., for its Notice of Additional Authority and Request for Reconsideration, states as follows:

1.      Thrush has sought dismissal of Plaintiff ChrisAir's Complaint for lack of specific personal jurisdiction on three occasions: once as a threshold motion (*ECF Nos. 3, 10*), again after engaging in Court-directed jurisdictional discovery (*ECF No. 24*), and once again upon the United States Supreme Court's June 19, 2017 issuance of a significant, landmark specific personal jurisdiction decision in *Bristol-Myers Squibb Company v. Superior Court of California*, *San Francisco County*, 137 S. Ct. 1773 (2017) (*Bristol-Myers*) (*ECF No. 39*).

2.      As the Court observed, ChrisAir never argued any form of "stream of commerce" basis in its responsive briefings. *See ECF No. 36*, at ¶ 3. Instead, ChrisAir primarily rested its jurisdictional argument on the Arkansas Court of Appeals' now-vacated decision in *Lawson v.*

1

236620

*Simmons Sporting Goods, Inc.*, 2017 Ark. App. 44, 511 S.W.3d 883, *reh'g denied* (Mar. 1, 2017), *cert. granted, judgment vacated,* 138 S. Ct. 237 (2017) (*Lawson I*).

3.      On July 7, 2017, the Court entered an Order denying Thrush's Motion for Reconsideration and reasoned that that *Bristol-Myers* was not applicable in this products liability action because there was "[n]o stream of commerce issue" presented in that case and that, unlike those plaintiffs, ChrisAir's alleged injury occurred in Arkansas and this suit "**relates to Thrush's contacts with Arkansas**." *ECF No. 45* (emphasis added).

4.      One month after the Supreme Court issued its opinion in *Bristol-Myers*, the defendant in *Lawson* filed its petition for a writ of certiorari to seek review of the Arkansas Court of Appeals' decision to the United States Supreme Court. On October 2, 2017, the Supreme Court granted Simmons' petition for writ of certiorari, vacated the judgment of the Arkansas Court of Appeals in *Lawson I*, and remanded the case for reconsideration. *Simmons Sporting Goods, Inc. v. Lawson*, 138 S. Ct. 237 (2017).

5.      On June 8, 2018, the Arkansas Court of Appeals issued its remedial decision on remand in *Lawson II*, 2018 Ark. App. 343 (2018) (unpublished), in which it acknowledged that "[e]ven though the facts of *Bristol-Myers* are distinct from the facts here, **the Supreme Court's rationale in rejecting California's sliding-scale test in *Bristol-Myers* implicates our application of the Eighth Circuit five-factor test in *Lawson I*.**" *Id.* at *10 (emphasis added). Ultimately, the Court of Appeals in *Lawson II* affirmed the lower court's dismissal of the out-of-state defendant in light of *Bristol-Myers*.

6.      After this Court denied Thrush's Motion for Reconsideration (*ECF No. 45*), the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits have had an opportunity to weigh in on *Bristol-Myers*'s impact on the requisite analysis

236620

of specific personal jurisdiction, and each—with their own diverse facts—applied *Bristol-Myers* to find no specific personal jurisdiction where there was a broken causal chain between the defendant, the forum, and the controversy, even where the plaintiffs were residents of the forum State, and in one case, even where the plaintiffs asserted a stream-of-commerce theory of specific personal jurisdiction. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760 (3d Cir. 2018); *PTA-FLA, Inc. v. ZTE Corp.*, 715 F. App'x 237 (4th Cir. 2017); *Gulf Coast Bank & Tr. Co. v. Designed Conveyor Sys., L.L.C.*, 717 F. App'x 394 (5th Cir. 2017); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017); *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662 (9th Cir. 2018); *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895 (10th Cir. 2017); *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870 (11th Cir. 2018).

7. In addition to the highly persuasive authority from the seven Circuit Courts of Appeals referenced above and discussed more thoroughly in Thrush's contemporaneously-filed Brief in Support, at least one federal district court within the Eighth Circuit's jurisdiction applied *Bristol-Myers* in a stream-of-commerce case to find that where there was no causal chain between the defendant-manufacturer, the forum State, and the controversy at issue, the court lacked specific personal jurisdiction. *Goellner-Grant v. JLG Industries, Inc.*, 2018 WL 3036453 (E.D. Mo. June 19, 2018).

8. Given the evolved understanding of specific personal jurisdiction that emanates from *Bristol-Myers*, including its impact on the Eighth Circuit's five-factor test that this Court applied in its jurisdictional analysis, Thrush requests that this Court reconsider its denial of the Renewed Motion and dismiss ChrisAir's Complaint accordingly.

9.      If the Court is not inclined to review the jurisdictional issues raised in this case, then Thrush respectfully requests that the Court, in light of the significant authority among the Circuit Courts of Appeals, amend its June 14, 2017 Order to include a certification for interlocutory review so that the Eighth Circuit can address *Bristol-Myers*'s impact on the important jurisdictional questions raised in this matter.

10.     Thrush hereby incorporates by reference its contemporaneously-filed Brief in Support of this Motion.

11.     Thrush further incorporates the exhibits filed in support of its initial and renewed Motions to Dismiss, which are incorporated herein by reference to avoid unnecessary duplication, including:

| ECF EXHIBIT REFERENCE | DESCRIPTION |
| --- | --- |
| 10-1 | Affidavit of D. Stanley Logue |
| 17-2 | Affidavit of Joseph Kenneth ("Jody") Bays |
| 17-3 | Affidavit of Eric Rojek |
| 17-4 | Supplemental Affidavit of D. Stanley Logue |
| 17-5 | Affidavit of Christopher Lee Pollock |
| 17-6 | Affidavit of Terry Humphrey |
| 24-1 | Second Affidavit of D. Stanley Logue |
| 24-2 | Excerpts of Stan Clark's Deposition |
| 24-3 | ChrisAir's Responses to Requests for Admission |
| 24-4 | Aircraft Bill of Sale (N3000H) |
| 24-5 | Correspondence Exchanged Between David Trotter and Kevin Jackson (1/27/2014) |
| 24-6 | Excerpts of David Trotter's Deposition |

236620

WHEREFORE, for the reasons stated herein and in the supporting Brief, Thrush respectfully requests that the Court reconsider its denial of Thrush's Renewed Motion to Dismiss, and for all other relief to which it may be entitled, or alternatively, for an amendment to its Order to include a certification for interlocutory review.

Respectfully submitted,

M.  Stephen Bingham, Ark. Bar No. 83023
Abtin Mehdizadegan, Ark. Bar No. 2013136
**CROSS, GUNTER, WITHERSPOON**
    **& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock AR 72201
TEL: (501) 371-9999 /FAX: (501) 371-0035
sbingham@cgwg.com | abtin@cgwg.com

By:/s/ *Abtin Mehdizadegan*
   Abtin Mehdizadegan

**- AND -**

Fred C. Begy III
**LAW OFFICES OF FRED C. BEGY III, P.C.**
200 N. LaSalle Street, Suite 2810
Chicago, IL 60601
TEL: (312) 236-0708
fbegy@fredbegylaw.com

5

236620

### CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following attorneys of record:

Robert G. Bridewell
P.O. Box 391
118 North Court Street
Lake Village, AR 71653
bridewellattorneys@sbcglobal.net

Nolan E. Awbrey
Awbrey Law
2 North 20th Street, Ste. 950
Birmingham, AL 35208
nolan@awbreylaw.com

James T. Thompson, Jr.
2025 3rd Ave. N., Ste. 216
Birmingham, AL 35203
jt@jimthompsonlaw.com

Patrick Goss
Rose Law Firm, P.A.
120 East Fourth Street
Little Rock, AR 72201
pgoss@roselawfirm.com

Baxter D. Drennon
Wright, Lindsey & Jennings
200 W. Capitol Ave., Ste. 2300
Little Rock, AR 72201
bdrennon@wlj.com

*/s/ Abtin Mehdizadegan*

236620