## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS, PINE BLUFF DIVISION

|  |  |
|---|---|
| WEST WIND AIR, LLC, d/b/a CHRISAIR | § § § |
| *Plaintiff,* | § § |
| v. | § CIVIL ACTION NO. 5:16-CV-0274 DPM § |
| THRUSH AIRCRAFT, INC. | § § § |
| *Defendant* | § § § |
| THRUSH AIRCRAFT, INC. | § § § |
| *Third-Party Plaintiff* | § § |
| v. | § § § |
| PRATT & WHITNEY CANADA CORP.;PLANESMART AIRCRAFT SERVICES, LLC; and THE ESTATE OF DONALD SCOTT BROWN | § § § § § |
| *Third-Party Defendants.* | § § § |

### PRATT & WHITNEY CANADA CORP.'S
### STATEMENT OF UNDISPUTED FACTS

Third-party defendant Pratt & Whitney Canada Corp. submits the following Statement of Undisputed facts in support of its Motion for Summary Judgment:

1.     On August 17, 2017, Defendant/Third-Party Plaintiff Thrush filed its Third-Party Complaint against Pratt & Whitney and others. (Dkt. 52 – Third-Party Complaint).

1

2.      In the Third-Party Complaint, Thrush brings a claim for contribution against Pratt & Whitney by adopting and asserting the allegations raised in the Complaint filed by Plaintiff West Wind Air, LLC d/b/a ChrisAir ("West Wind") on August 31, 2016. (*Id.* at ¶¶ 14-15).

3.      The allegations in West Wind's Complaint arise from a plane crash that occurred on September 3, 2013. (Dkt. 1 – Complaint).

4.      That crash involved a 2012 Ayres Thrush 510-T34 aircraft ("Thrush Aircraft") owned by West Wind. (*Id.* at ¶4).

5.      In its Complaint, West Wind alleges that fault on the part of Thrush caused the Thrush Aircraft to crash. (*See generally* Dkt. 1 – Complaint, ¶¶ 12-19).

6.      The specific component of the Thrush Aircraft West Wind complained of was the plane's beta valve. (*See, e.g.*, Dkt. 1 – Complaint, ¶¶ 9, 11, 19, 34).

7.      In its Complaint, West Wind asserted the following specific causes of action against Thrush:

- Negligence in the design and manufacture of the Thrush Aircraft and failure to warn through service letters, service bulletins, or mandatory service bulletins (Dkt. 1- Complaint, ¶ 12);

- Strict liability in supplying the Thrush Aircraft in a defective condition rendering it unreasonably dangerous (Dkt. 1- Complaint, ¶ 13);

- Breach of implied warranty of merchantability in that the Thrush Aircraft was not fit at the time of sale for the ordinary purposes for which it would be used (Dkt. 1- Complaint, ¶ 13);

2

- Failure to provide adequate warning of dangers related to the use of the Thrush Aircraft (Dkt. 1- Complaint, ¶ 14);

- Breach of the implied warranty of fitness for a particular purpose in that the Thrush Aircraft was not fit for the particular purpose for which it was intended (Dkt. 1- Complaint, ¶ 15);

- Breach of express warranties that were a part of the basis for the bargain during the purchase of the Thrush Aircraft (Dkt. 1- Complaint, ¶ 16); and

- Failure to instruct with regard to maintenance of the Thrush Aircraft (Dkt. 1- Complaint, ¶ 17).

8.    West Wind did not assert any causes of action against Pratt & Whitney. (Dkt. 1 – Complaint).

9.    In its Third-Party Complaint, Thrush made no claims against Pratt & Whitney independent of those claims raised by West Wind in its Complaint. (Dkt. 52 – Third-Party Complaint, ¶¶ 14-15).

10.   Pratt & Whitney manufactured the engine installed on the Thrush Aircraft; it did not manufacture the beta valve on the Thrush Aircraft. (Exhibit 1 – Deposition of Robert Duma, 29-30; Exhibit 2 – Deposition of Steve Krugler, 9).

11.   The beta valve, which is part of the propeller governor, was manufactured by the recently dismissed, Woodward, Inc. ("Woodward"). *Id.*; (Dkt. 52 – Third-Party Complaint, ¶ 10).

3

12.    Throughout this litigation, West Wind has tendered only one individual as an expert in this matter, Arthur Coffman. (Exhibit 3 – April 9, 2018 Correspondence from Nolan E. Awbrey).

13.    On July 9, 2018, Mr. Coffman was deposed. (Exhibit 4 – Deposition of Arthur Coffman, 1).

14.    During his deposition, Mr. Coffman testified that he did not contend that there was any defect in the design or manufacture of the component parts of the Thrush Aircraft that was a cause of the crash. (Ex. 4, 110, 160).

15.    Mr. Coffman went on to testify that the issue in this case was not one of a defective and unreasonably dangerous product, but instead, related to an unaddressed maintenance practice. (Ex. 4, 165).

16.    With regard to Pratt & Whitney, Mr. Coffman testified that Pratt & Whitney's only obligation was to provide maintenance information related to the component that it manufactured, which was the Aircraft's engine, not the beta valve. (Ex. 4, 121).

17.    According to Mr. Coffman, Pratt & Whitney appropriately provided the engine-maintenance information required of it, and it had no responsibility to provide maintenance information related to other components, like Woodward's beta valve. (Ex. 4, 184).

18.    No witness tendered by Thrush has argued that Pratt & Whitney failed to satisfy any duty it owed.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX:  (501) 376-9442
E-MAIL:  bdrennon@wlj.com

By: _____
        Baxter D. Drennon (2010147)

ATTORNEYS FOR THIRD-PARTY
DEFENDANT PRATT & WHITNEY
CANADA CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which shall send notification of such

filing to the following:

Robert G. Bridewell
P.O Box 391
118 North Court Street
Lake Village, AR 71653

M. Stephen Bingham
Abtin Mehdizadegan
500 President Clinton Ave, Suite 200
Little Rock, AR 72201

Fred C. Begy III
200 N. LaSalle Street, Suite 2810
Chicago, Il 60601

Nolan E. Awbrey
2 North 20th Street, Suite 950
Birmingham, AL 35208

James T. Thompson, Jr.
2025 3rd Ave. North, Suite 216
Birmingham, AL 35203

_____
Baxter D. Drennon