IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WEST WIND AIR LLC, d/b/a CHRISAIR              PLAINTIFF

v.                   No. 5:16-cv-274-DPM

THRUSH AIRCRAFT, INC.                       DEFENDANT/THIRD-
                                                         PARTY PLAINTIFF

v.

PRATT & WHITNEY CANADA              THIRD-PARTY
CORP. and PLANESMART AIRCRAFT       DEFENDANTS
SERVICES LLC

## ORDER

Thrush asks the Court again to reconsider its previous Order denying Thrush's motion to dismiss for lack of personal jurisdiction. № 36. ChrisAir has informally advised the Court that, instead of filing a response to the new motion, it stands by its previous filings on the Thrush-jurisdiction issue. Having considered Thrush's arguments and the developing law, and taking the jurisdictional facts in ChrisAir's favor, the Court denies the motion to reconsider.

As explained in Order № 45 at 1, the facts in *Bristol-Myers Squibb* are different than those in this stream-of-commerce case. *Bristol-Myers Squibb Company v. Superior Court of California*, 137 S. Ct. 1773, 582 U.S. __ (2017). And the new cases Thrush cites — none of which bind this Court — don't alter the Court's conclusion that Thrush has sufficient

minimum contacts with Arkansas. Thrush uses those cases to argue its key point that a defendant's general contacts with the forum that are unrelated to the underlying case aren't enough to support specific jurisdiction. That's correct. *Bristol-Myers Squibb*, 137 S. Ct. at 1781. But Thrush's narrow view of which contacts "relate to" ChrisAir's claims eliminates that element from the jurisdictional analysis. This case "arises from" Thrush's sale of an airplane to ChrisAir in Arkansas through Mid-Continent. № 36 at 6. Beyond that, Thrush also has Arkansas contacts that "relate to" this case—Thrush's targeting the state through its regional dealer network—because, as the Court has said, that network is the only way any Thrush product reaches any Arkansas customer. *Ibid.* Eighth Circuit precedent, which this Court must follow absent binding contrary authority, supports this conclusion. *E.g., Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 947–948 (8th Cir. 1998). Notwithstanding ChrisAir's citation of the Arkansas Court of Appeals' decision in *Lawson v. Simmons Sporting Goods, Inc.*, 2017 Ark. App. 44, 511 S.W.3d 883 (2017), this Court did not rely on that decision. The 180° turn in that non-stream-of-commerce case, post *Bristol-Myers Squibb*, does not affect this Court's analysis in this case. 2018 Ark. App. 343, ___ S.W.3d ___ (2018).

* * *

Motion, № 108, denied.  For the reasons stated in № 45 at 2, the Court also denies Thrush's alternative request for leave to seek interlocutory review.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 August 2018