UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**WEST WIND AIR, LLC, d/b/a CHRISAIR**                                    **PLAINTIFF**

vs.                           **CASE NO. 5:16-CV-0274 DPM**

**THRUSH AIRCRAFT, INC.**                                                 **DEFENDANT**

**THRUSH AIRCRAFT, INC.**                                       **THIRD-PARTY PLAINTIFF**

vs.

**PRATT & WHITNEY CANADA CORP.;** and           **THIRD-PARTY DEFENDANTS**
**PLANESMART AIRCRAFT**
**SERVICES, LLC**

### THRUSH'S BRIEF IN OPPOSITION TO PRATT & WHITNEY'S
### MOTION FOR SUMMARY JUDGMENT

Defendant/Third-Party Plaintiff Thrush Aircraft, Inc. ("Thrush"), by its attorneys, LAW OFFICES OF FRED C. BEGY III, P.C. and CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and for its Brief in Opposition to Third-Party Defendant Pratt & Whitney Canada Corp.'s (PWC) Motion for Summary Judgment, states as follows:

**I.    PRELIMINARY STATEMENT**

Thrush and PWC are in total agreement that Plaintiff's Complaint must be summarily dismissed, and both parties have aptly described the significant evidentiary shortcomings in Plaintiff's case-in-chief—particularly, that Plaintiff's purported expert, Arthur Lee Coffman, made dooming admissions during his deposition that foreclose all of Plaintiff's claims.[1] In this

---

[1] Mr. Coffman admitted that there was no defect in the design or manufacturing of the subject Aircraft, which—as he testified—was fit for its ordinary and particular purposes, and that he had no knowledge of any express warranty that was allegedly breached in this action. **Exhibit 1**, Arthur Lee Coffman Deposition, at P. 110, 121, 160, 165. Otherwise, Mr. Coffman's testimony is subject to a pending *Daubert* Motion (ECF No. 120), which defeats and forecloses Plaintiff's negligent-failure-to-warn claim. In an apparent recognition that Mr. Coffman's

1

237159

respect, Thrush and PWC both agree that Thrush's pending Motion for Summary Judgment should be granted. If the Court properly grants Thrush's pending Motion, then consideration of PWC's Motion for Summary Judgment is unnecessary as summary dismissal of Plaintiff's Complaint will moot Thrush's Third-Party Complaint.

By the same token, if the Court finds that there is a question of fact sufficient to withstand summary judgment on any of Plaintiff's claims, then PWC's Motion should be denied as well because Thrush's Third-Party Complaint (ECF No. 52) and Renewed Motion for a Declaration of Rights for Allocation of Fault (ECF No. 126) establish that, although Plaintiff's claims lack merit, if Thrush is found liable to Plaintiff, then Thrush is entitled to have the fault of PWC determined and apportioned based on PWC's alleged and contingent fault in the design and manufacturing of the Aircraft's engine and in drafting its maintenance manual.

Ultimately, because PWC and Thrush share the same fate relative to their pending Motions for Summary Judgment, the Court should hold a decision on PWC's Motion in abeyance. Similarly, because PWC rightfully attacks the factual predicate underlying Plaintiff's Complaint, Plaintiff should file its own response. If Plaintiff fails to file a response to the instant Motion, then the Court should summarily grant both Thrush and PWC's Motions. Otherwise, if the Court is inclined to entertain PWC's Motion at this juncture, summary judgment should be denied because a material issue of fact persists as to PWC's proportionate fault, the determination of which would entitle Thrush to have the jury apportion any fault among the responsible parties.

---

testimony doomed Plaintiff's theory of the case, Plaintiff's counsel has now advised Thrush that Plaintiff "simply do[es] not know if Mr. Coffman will be appearing live or not [at trial.]" **Exhibit 2**, Correspondence from N. Awbrey Dated August 6, 2018.

## II.    FACTUAL BACKGROUND

While Thrush discusses the facts pertinent to this Response, for the purposes of avoiding unnecessary duplication and redundancy, Thrush refers the Court to its recitation of the facts of this matter identified in its Brief in Support of Summary Judgment. ECF No. 130, at P. 7–13. To briefly summarize, Plaintiff's Complaint involves a 2012 Thrush S2R-T34 aircraft bearing Serial No. T34-402, registered with the Federal Aviation Administration (FAA) as N3000H (the "Aircraft"). PWC manufactured the engine (Serial No. PC-EPH0851), and former Third-Party Defendant Woodward, Inc. manufactured the engine's propeller governor beta valve (Serial No. 18090931), which PWC then incorporated in the engine that it sold to Thrush. *See* **Exhibit 3**, Expert Report of James Peleck; *see also* **Exhibit 4**, PWC Report; ECF No. 133, at P. 4.

On September 3, 2013, the pilot operating the Aircraft allegedly experienced an inability to modulate thrust and landed short of his intended runway (the "Incident"). Ex. 3 (Peleck Report), at P. 2. Plaintiff contends that the Incident was caused by severe rust in the Woodward-manufactured beta valve of PWC's engine that Thrush installed in the Aircraft, ECF No. 1, at ¶ 9, and that Thrush should have included an instruction in its maintenance manual, which incorporates PWC's engine manual in relevant part, to check the beta valve during annual inspections. *Id.*

Following the Incident, on September 25, 2013, Plaintiff's only retained expert, Mr. Coffman, inspected the engine that had been removed from the Aircraft and observed signs of corrosion on all of the exposed metal parts on the front of the engine. Ex. 1, Coffman Depo. P. 156. Thereafter, Mr. Coffman made arrangements to remove and ship the propeller governor beta valve of the Aircraft's engine to PWC. *Id.* at P. 48. PWC's Chemical Laboratory observed traces of chromium and chlorine in the beta valve (Ex. 4, at ¶ 2.6) and determined that "the extent of

the corrosion at 3 different locations after only 612 hours of operation suggests that the components were exposed to high moisture content." *Id.* at ¶ 3.3. Importantly, no anomalies were noted to the beta valve components that would make the area prone to water contamination. *Id.* Nevertheless, PWC determined that the beta valve components were exposed to a high moisture level over a long period of time. *Id.* at ¶ 4.1.

While Thrush was the supplier of the completed Aircraft, Plaintiff's allegations relate to the component parts designed, manufactured, and supplied by others, including PWC, which makes its inclusion for apportionment of fault essential. Thrush does not concede Plaintiff's allegations—and, in fact, vehemently denies that any of Plaintiff's causes of action have any factual support in the record—but in order to bring all potentially responsible parties before the Court for consideration and apportionment of fault, Thrush necessarily filed its Third-Party Complaint against PWC on August 17, 2017 (ECF No. 52), after first obtaining leave from the Court. ECF No. 51.

### III.  ARGUMENT

**A.  All Evidence of Record Must be Viewed in the Light Most Favorable to Thrush.**

Summary judgment is appropriate only where, after the moving party "identif[ies] each claim or defense . . . on which summary judgment is sought[,]" there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The record is viewed in the light most favorable to the non-moving party. *Kiel v. Select Artificials, Inc.*, 142 F.3d 1077 (8th Cir. 1998). The Court's task at the summary judgment stage is not to weigh evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Kneibert v. Thomson Newspapers Michigan, Inc.*, 129 F.3d 444 (8th Cir. 1997). Summary judgment should be granted only when the moving party has established the

right to judgment with such clarity as to leave no room for controversy. *Woods v. Rhodes*, 994 F.2d 494 (8th Cir. 1993).

B.  **If Plaintiff is Successful in its Claims against Thrush, PWC's Fault Is Essential for Apportionment Purposes.**

Thrush's pending Renewed Motion for a Declaration of Rights for Allocation of Fault and Brief in Support (ECF Nos. 126 & 127) discuss in exquisite detail the reasons why Thrush is entitled to seek apportionment of PWC's fault. To avoid unnecessary duplication and redundancy, Thrush incorporates its arguments set forth in ECF No. 126 & 127 herein by reference.

Accordingly, and as further developed by the arguments set forth in its Renewed Motion, while Thrush denies any and all liability in this matter, if this case proceeds to trial and if the jury returns a verdict in Plaintiff's favor, Thrush is entitled to have PWC's fault considered for apportionment purposes. As relevant to this Response, it is undisputed that the beta valve was not manufactured by PWC. As PWC admits, however, PWC—not Thrush—incorporated the Woodward beta valve into the Aircraft's engine, which Plaintiff alleged (but its expert contradicted) was defectively designed and manufactured. *See* Ex. 1, Coffman Depo. P. 110, 121, 160, 165. Plaintiff further alleged in its Complaint that Thrush had a duty to instruct operators of its Aircraft as to the purported need to inspect the beta valve to ensure that it was properly lubricated. *See* ECF No. 1, at ¶ 19. In this respect, PWC—as the engine manufacturer— was responsible for providing instructions relative to its product, and PWC has produced no *contra* evidence or legal authority to deny this position.

Instead, to support its position on summary judgment, PWC primarily relies on Mr. Coffman's testimony that PWC had no obligation to provide any additional maintenance information regarding the Aircraft's engine. *See* ECF No. 133, at P. 8 (citing Coffman Depo. P.

237159

184)). Reliance on Mr. Coffman's opinion testimony is unavailing for summary judgment purposes, however, because—among numerous other reasons described more fully in Thrush's *Daubert* Motion and Brief in Support (ECF Nos. 120 & 121)—his opinions as to whether PWC had a duty to provide maintenance instructions regarding its engine are merely a legal conclusions offered as expert opinions, albeit without expert qualification. Regardless, "the question of what duty, if any, the defendant owed a plaintiff alleging negligence is a question of law[,]" *Perkins v. Kiamichi Ry. Co., LLC*, 2017 WL 6452777, at *4 (W.D. Ark. Dec. 18, 2017), and even legitimate expert opinions that attempt to proffer legal conclusions must be excluded. *See Rollins v. Smith*, 106 F. App'x 513, 514 (8th Cir. 2004) (citations omitted).

Notwithstanding Mr. Coffman's testimony that PWC was not responsible to provide maintenance information relevant to the engine (Ex. 1, Coffman Depo. P. 184) that it designed, manufactured, and sold to Thrush, portions of Mr. Coffman's deposition cannot be read in isolation, as he also testified that "part of the [Aircraft's] maintenance [instructions] [are] . . . in the Thrush manual and [that] there[] [are] going to be some maintenance [instructions] in the Pratt manual[.]" *Id.* at P. 175. Moreover, Mr. Coffman admitted that he did not "use the [Thrush] manual to . . . look stuff up." *Id.* at P. 76. Instead, he used "the Pratt manual . . . [because he is] more familiar with [it]" in forming his opinions. *Id.* at P. 76. Therefore, any criticism that Mr. Coffman may have offered about Thrush is really transferable to PWC. Therefore, PWC's arguments to the contrary are not supported by any record evidence. In fact, and as Mr. Coffman testified, Thrush's Maintenance Manual specifically incorporates and references PWC's Maintenance Manual. *See id.* at P. 76; *see also* **Exhibit 5**, Excerpts of Thrush's Maintenance Manual; **Exhibit 6**, Excerpts of PWC's Maintenance Manual.

237159

Accordingly, PWC—like Thrush—has established that Plaintiff's claims have no merit. However, in the event Plaintiff's claims are able to reach the jury, then questions do exist as to PWC's culpability. Because of that, when the record evidence is viewed in the light most favorable to Thrush, PWC has not and cannot presently identify a basis upon which summary judgment may be granted on Thrush's contingent claims for allocated fault, and ultimately, on its entitlement to seek apportionment of fault, if any.

## IV.　CONCLUSION

Thrush's Third-Party Complaint, and PWC's potential liability is contingent on Plaintiff prevailing on its claims against Thrush. For that reason, Plaintiff—not Thrush—should respond to the substance of PWC's Motion relevant to the underlying claims in Plaintiff's Complaint. Otherwise, PWC and Thrush are in unanimous agreement that Plaintiff's claims lack any merit or factual support, and that its Complaint must be summarily dismissed. For that reason, and particularly if Plaintiff fails to submit a response to PWC's Motion, the Court should grant Thrush's pending Motion for Summary Judgment, which would obviate the need to undertake any analysis of PWC's competing Motion as it would be rendered moot. If the Court denies Thrush's Motion, however, then the Court—for the same reasons—should deny PWC's Motion. Alternatively, due to the unique procedural issues attendant with third-party practice, the Court should hold its decision on PWC's Motion in abeyance until the Court first has an opportunity to rule on Thrush's pending Motion. If the Court does consider PWC's Motion at this stage, however, the record makes clear that a genuine issue of material fact exists as to whether Thrush is entitled to allocation in connection with Plaintiff's allegations that relate to PWC's product.

237159

Respectfully submitted,

M. Stephen Bingham, Ark. Bar No. 83023
Abtin Mehdizadegan, Ark. Bar No. 2013136
**CROSS, GUNTER, WITHERSPOON
  & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock AR 72201
TEL: (501) 371-9999 /FAX: (501) 371-0035
sbingham@cgwg.com | abtin@cgwg.com

By:/s/ *Abtin Mehdizadegan*

- AND -

Fred C. Begy III
**LAW OFFICES OF FRED C. BEGY III, P.C.**
200 N. LaSalle Street, Suite 2810
Chicago, IL 60601
TEL: (312) 236-0708
fbegy@fredbegylaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following attorneys of record:

| | | |
|---|---|---|
| Robert G. Bridewell | Nolan E. Awbrey | James T. Thompson, Jr. |
| P.O. Box 391 | Awbrey Law | 2025 3rd Ave. North, Ste. 216 |
| 118 North Court Street | 2 North 20th Street, Ste. 950 | Birmingham, AL 35203 |
| Lake Village, AR  71653 | Birmingham, AL 35208 | |
| | | |
| Patrick J. Goss | Baxter D. Drennon | |
| ROSE LAW FIRM, P.A. | WRIGHT, LINDSEY & JENNINGS, LLP | |
| 120 East Fourth Street | 200 West Capitol Ave., Suite 2300 | |
| Little Rock, AR 72201 | Little Rock, AR 72201 | |

/s/ *Abtin Mehdizadegan*
Abtin Mehdizadegan

237159