IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WEST WIND AIR LLC, d/b/a CHRISAIR     PLAINTIFF

v.     No. 5:16-cv-274-DPM

THRUSH AIRCRAFT, INC.     DEFENDANT/THIRD-
PARTY PLAINTIFF

v.

PRATT & WHITNEY CANADA     THIRD-PARTY
CORP. and PLANESMART AIRCRAFT     DEFENDANTS
SERVICES LLC

ORDER

There are many pending motions. Here's a start at resolving them.

- **The Court Lacks Personal Jurisdiction Over Pratt & Whitney Canada**

The governing law is laid out in Orders № 18, 36, 37, 45, 88 & 146. Taking the jurisdictional facts in Thrush's favor, P&W Canada has some Arkansas ties. But they're not enough to confer general jurisdiction under either of Thrush's theories. And Thrush hasn't shown how this case "arise[s] out of or relate[s] to" any of P&W Canada's contacts with Arkansas to establish specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). P&W Canada's motion for summary judgment is moot. The Court will, as it has said, probably

allow apportionment of P&W Canada's fault. A definitive ruling on that issue is forthcoming.

- **Service on Planesmart Was Bad; But Thrush May Cure Promptly**

Planesmart moves to dismiss Thrush's third-party complaint against it based on service problems under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Planesmart is a Mississippi LLC that dissolved shortly after becoming a party to this case. The parties don't yet grapple about what the dissolution will mean as a practical matter for collection on any potential judgment. Planesmart had one member, Donald Scott Brown, who was also the registered agent for service. № 106-1. Service on Mr. Brown was impossible, though, because he passed away nearly two years before Thrush filed its third-party complaint. Thrush therefore served Kimberly Brown, Mr. Brown's widow and the former adminstratix of his estate.

Did Thrush make good service on Planesmart? No. Either Arkansas or Mississippi law applies because this Court sits in the Eastern District of Arkansas and Thrush served Planesmart in Mississippi. FED. R. CIV. P. 4(e)(1) & (h)(1)(A). There's no need to choose one state's law, however, because service was defective under both.

According to Thrush, as personal representative of Donald Brown's estate, Kimberly Brown took on Donald Brown's role as

registered agent for Planesmart. MISS. CODE ANN. § 79-29-709(2). But Kimberly Brown wasn't the estate's personal representative when Thrush served this company; she had been discharged nearly five months earlier. № *105 at 2*. And in cases like this — where the registered agent can't reasonably be served — Mississippi and Arkansas statutes provide alternative ways of serving the entity. MISS. CODE ANN. § 79-35-13(b); ARK. CODE ANN. § 4-20-113(b). Thrush hasn't provided a sufficient record for the Court to conclude that, after being discharged, Brown was Planesmart's "governor" within the meaning of the statutes, ARK. CODE ANN. § 4-20-113(b) and MISS. CODE ANN. § 79-35-13(b), or that service was good under any other provision of these states' laws. No service was made, for example, on the Mississippi Secretary of State in accordance with the Mississippi Rules of Civil Procedure. MISS. CODE ANN. § 79-35-13(b).

Given how far the case has progressed, Planesmart's belated motion on the service issues, this company's full participation since September 2017, and the other filings, the Court reopens and extends Thrush's time to serve Planesmart properly. FED. R. CIV. P. 4(m). The law favors a decision on the merits, which Planesmart also seeks in its pending summary judgment motion, № *116*. That motion, and Thrush's related motion, № *141*, must hang fire.

* * *

Pratt & Whitney's motion to dismiss, № 112, is granted. Pratt & Whitney's motion for summary judgment, № 132, is denied as moot. Planesmart's motion, № 106, is granted as modified. Service on Planesmart is quashed; Thrush must re-serve the company by 31 August 2018.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 August 2018